## APPLE et al., Adm'rs, v. McCAIN et al.

No. 14949.    Opinion Filed Jan. 18, 1927.

Rehearing Denied Oct. 18, 1927.

(Syllabus.)

**Trusts—Death of Trustee—Trust Fund Unidentified—Remedy of Beneficiary—Status of General Creditor.**

Tracing trust funds into the hands of the trustee is not alone sufficient to impress a trust upon the assets of such trustee found in the hands of the administrator of his estate. Such diverted funds must be traced in some form into the hands of the administrator. Otherwise the sole remedy of the beneficiary is that of a general creditor.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by E. L. McCain, Don R. Russell, T. H. Dunn, and L. S. Dolman against the Bullhead Oil Company, Erret Dunlap, and Frank L. Ketch, administrator of the estate of Jake L. Hamon, deceased. Judgment for plaintiffs, and the administrator appeals. S. A. Apple and Jake L. Hamon, Jr., substituted as administrators. Reversed and remanded.

Fred R. Ellis and Wilson, Tomerlin & Threlkeld, for plaintiffs in error.

Dolman & Dyer and Johnson & McGill, for defendants in error.

MASON, V. C. J. This is a suit in equity brought by E. L. McCain et al., minority stockholders in the Bullhead Oil Company, against the Bullhead Oil Company, Erret Dunlap, and Frank L. Ketch, administrator of the estate of Jake L. Hamon, deceased, to recover trust funds alleged to have been taken from the treasury of said company by Hamon in his lifetime and by Erret Dunlap and appropriated to their own personal use. Plaintiffs also sought to impress a trust upon the general assets of the estate of Jake L. Hamon to the extent of such diverted funds.

After the institution of the suit, Frank L. Ketch resigned as administrator of the Hamon estate, and the cause thereafter proceeded to trial against the original defendants and Georgae Hamon Rohrer, who had been appointed administratrix of said estate to succeed Frank L. Ketch. After the appeal was lodged in this court, S. A. Apple and Jake L. Hamon, Jr., were substituted as plaintiffs in error by order of this court, they having been appointed administrators of said estate to succeed Georgae Hamon Rohrer. Erret Dunlap made no defense against the claim of plaintiffs and took no part in the trial.

The facts sufficient to determine the issues involved are substantially as follow:

Jake L. Hamon, in his lifetime, was the owner of a large portion of the capital stock of said corporation, and, as an officer thereof, had control of its affairs and managed its business. From time to time, and without any authority, he extracted various sums of money from the funds of said corporation, and as he did so he deposited them in a bank where he had a checking account and mixed and mingled same with his own funds. He continued to check out of said personal account until November 26, 1920, when he died intestate. At that time, said personal account had been entirely exhausted by the issuance of checks against the same. The record does not disclose specifically what was done with the funds so checked out of this account, by said deceased. There is much evidence in the record to the effect that large portions of said money were used by the deceased in building a railroad in Texas, and in prospecting for oil. The railroad property never came into the hands of the defendant administrator, or his successors in office. The money used in prospecting for oil was lost. There is no evidence that any of said money ever came into the hands of the administrator or that said funds of said corporation were ever used to purchase, improve, or enhance the value of any of the assets coming into the hands of the defendant.

The lower court found that said converted funds "helped to swell the assets that came into the control and possession of his administrator," and rendered judgment in effect impressing a trust in favor of the plaintiffs upon all the assets of said estate and giving plaintiffs a prior lien upon same to secure the amount of money so wrongfully extracted from the funds of said corporation. This finding of fact is not supported by, and is clearly against the weight of the evidence.

Under authority of S. A. Apple and Jake L. Hamon, Jr., as Administrators of the Estate of Jake L. Hamon, Deceased, v. Sallie A. Hert, 122 Okla. 153, 252 Pac. 23, the judgment of the lower court, in so far as it declares a trust and impresses a prior lien upon the assets of said estate to secure the amount found due the plaintiffs, is reversed, and the case is remanded to the trial court, with directions to modify its judgment in accordance with the views herein expressed.

HARRISON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

BRANSON. C. J., dissents.

Note.—See 39 Cyc. p. 530; 26 R. C. L. p. 1353.